**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY ANN CERVANTES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:13-cv-00431 - JLT<br><br>ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 6) |

Terry Ann Cervantes ("Plaintiff") is proceeding *in forma pauperis* with an action seeking judicial review of a determination of the Social Security Administration. On April 22, 2013, Plaintiff filed her First Amended Complaint in the action. (Doc. 6). For the following reasons, the First Amended Complaint is **DISMISSED WITH LEAVE TO AMEND**.

**I.     Screening Requirement**

When a plaintiff proceeds *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the action is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. 1915(e)(2). The Court must screen the First Amended Complaint because an amended complaint supersedes the previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1

## II. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

///

### III. Jurisdiction

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 6). The Court would have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow**. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). These regulations "operate as a statute of limitations setting the time period in which a claimant may appeal a final decision of the Commissioner." *Berrigan v. Astrue*, 2010 U.S. Dist. LEXIS 115390, at * 4-5 (E.D. Cal. Oct. 29, 2010) (citing *Bowen v. City of New York*, 476 U.S. 467, 479 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976)). The time limit is a condition on the waiver of sovereign immunity, and it must be strictly construed. *Id.*

### IV. Discussion and Analysis

According to Plaintiff, the Appeals Council denied her request for review of the decision rendered by the administrative law judge on January 2, 2012, at which time the decision became the final decision of the Commissioner. (Doc. 6 at 2). Therefore, Plaintiff's request for review would be due no later than March 7, 2013. However, Plaintiff's counsel requested the Appeals Council grant an extension of time of thirty days to file a civil action on March 1, 2013. (Doc. 6). Notably, Plaintiff does not allege the Appeals Council granted the extension of time. Thus, from the face of the First Amended Complaint, it does not appear the Court has jurisdiction over the matter.

### V. Leave to Amend

A plaintiff should be granted leave to amend when the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or

1  a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted
2  if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in
3  support of the claim or claims that would entitle her to relief.  *See Hishon v. King & Spalding*, 467 U.S.
4  69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

5  　　　　In this case, it is unclear whether Plaintiff may allege facts supporting a determination that the
6  Court has jurisdiction over the matter.  The Court will grant Plaintiff leave to amend to cure the
7  deficiencies identified above <u>by stating the necessary information regarding if and when the request
8  for an extension of time was granted by the Appeals Council</u>.  The amended pleading must bear the
9  docket number assigned this case and must be labeled "Second Amended Complaint."

10 　　　　Plaintiff is informed that the Court cannot refer to a prior pleading in order to make her Second
11 Amended Complaint complete.  Local Rule 220.  As a general rule, an amended complaint supersedes
12 the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, once Plaintiff files
13 Second Amended Complaint, the other pleadings no longer serve any function in the case.

14 　　　　Notably, the Court dismissed Plaintiff's complaint with the instruction that the amended
15 pleading address the matter of the Court's jurisdiction.  However, Plaintiff failed to address whether
16 the Appeals Council granted her request for an extension of time to file the action for judicial review.
17 Consequently, if Plaintiff fails to allege facts supporting the Court's jurisdiction in her Second
18 Amended Complaint, the Court will presume she is unable to do so, and will recommend dismissal of
19 the action.

20 　　　　Accordingly, **IT IS HEREBY ORDERED**:
21 　　　　1.　　Plaintiff's First Amended Complaint **IS DISMISSED** with leave to amend; and
22 　　　　2.　　Plaintiff is **SHALL** file a Second Amended Complaint within fourteen days from the
23 　　　　　　　date of service of this Order.

24

25 IT IS SO ORDERED.

26 　　Dated:　  **April 23, 2013**　　　　　　　　  **/s/ Jennifer L. Thurston**
27 　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

28

4