UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY ANN CERVANTES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.: 1:13-cv-00431 - JLT<br><br>ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF TERRY ANN CERVANTES |

Terry Ann Cervantes ("Plaintiff") asserts she is entitled to supplemental security income under Title XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in relying on the testimony of the vocational expert to find Plaintiff was able to perform work in the national economy. For the reasons set forth below, the ALJ's decision is **AFFIRMED**.

**I.     Procedural History**

Plaintiff filed her application for supplemental security income on March 22, 2010, alleging disability beginning January 1, 2002. (Doc. 15-3 at 16.) The Social Security Administration denied her claims initially and upon reconsideration. (Doc. 15-5 at 2-6, 12-16.) After requesting a hearing, Plaintiff testified before an administrative law judge ("ALJ") on December 8, 2011. (Doc. 15-3 at 44.) The ALJ determined Plaintiff was not disabled under the Social Security Act, and issued an order denying benefits on February 2, 2013. (*Id.* at 13-23.) The Appeals Council denied Plaintiff's request

for review of the decision on January 2, 2013.  (*Id*. at 8-10.)  Therefore, the ALJ's determination became the final decision of the Commissioner of Social Security ("Commissioner").

Plaintiff initiated this action on March 22, 2014, seeking judicial review of the ALJ's decision. (Doc. 1.)  On February 7, 2014, Plaintiff filed her opening brief, asserting the ALJ erred evaluating the evidence and failed to establish she is able to perform work in the national economy.  (Doc. 18.) Defendant filed a brief in opposition on April 9, 2014.  (Doc. 21.)

## II.     Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act.  When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error.  42 U.S.C. § 405(g).  The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence.  *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III.    Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(A).  An individual shall be considered to have a disability only if:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). If a claimant establishes a prima facie case of disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

**IV.     Administrative Determination**

To achieve uniform decisions, the Commissioner established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. §§ 404.1520, 416.920(a)-(f). The process requires the ALJ to determine whether Plaintiff (1) engaged in substantial gainful activity during the period of alleged disability, (2) had medically determinable severe impairments (3) that met or equaled one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; and whether Plaintiff (4) had the residual functional capacity to perform to past relevant work or (5) the ability to perform other work existing in significant numbers at the state and national level. *Id.*

Pursuant to the five-step process, the ALJ determined first that Plaintiff did not engage in substantial gainful activity after the application date of March 22, 2010. (Doc. 15-3 at 18.) Second, the ALJ found Plaintiff's severe impairments included: "borderline intellectual functioning and bipolar disorder." (*Id.*) Next, the ALJ found Plaintiff did not have an impairment or a combination of impairments that met or medically equaled a Listing. (*Id.* at 17-18.)

The ALJ found Plaintiff had the following residual functional capacity ("RFC") "to perform a full range of work at all exertional levels." (Doc. 15-3 at 19.) Further, the ALJ determined Plaintiff "is limited to work involving simple, routine, and repetitive tasks; simple work related decisions; and few, if any, work changes." (*Id.*) With this RFC, the ALJ found Plaintiff was able to perform "jobs that exist in significant numbers in the national economy," such as small products assembler, production assembler, and barker. (*Id.* at 22-23.) Thus, the ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. (*Id.* at 23.)

**V.     Discussion and Analysis**

According to Plaintiff, the ALJ erred in relying on the testimony of the vocational expert. Specifically, Plaintiff argues that the RFC determination of the ALJ "precludes the performance of the identified alternative work of barker at Step Five of the sequential disability analysis," contrary to the

testimony of the vocational expert. (Doc. 18 at 5, emphasis omitted.) Plaintiff asserts that once the work as a barker is omitted, there is not a significant number of jobs available in the national economy for her to perform. (*Id.* at 8-11.) Defendant disagrees. (Doc. 21 at 7-11.)

An ALJ may call a vocational expert "to testify as to (1) what jobs the claimant, given his or her functional capacity, would be able to do; and (2) the availability of such jobs in the national economy." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001) (explaining the Commissioner may establish a claimant can perform work in "significant numbers" through the testimony of a vocational expert). Here, the ALJ called a vocational expert to determine the extent Plaintiff's mental limitations "erode the occupational base of unskilled work at all exertional levels." (Doc. 15-3 at 23.)

The ALJ asked the vocational expert to consider "an individual who could perform work at all exertional levels, but that work limited to simple, routine, repetitive tasks, following only simple and work-related decisions with few, if any, workplace changes." (Doc. 15-3 at 64.) The vocational expert opined the hypothetical individual would be able to perform work that exists in the regional or national economy, and identified the following positions: small products assembler, *DOT*[1] 706.675-022; production assembler, *DOT* 706.687-010; and barker, *DOT* 342.657-010. (*Id.*)

### A. Position as a "barker"

Plaintiff argues the ALJ erred in finding she is able to work as a barker, "because the occupation of [b]arker requires the ability to perform greater than simple, routine, and repetitive tasks, something not allowed by the ALJ's residual functional capacity." (Doc. 18 at 6.) Plaintiff notes that in the *Dictionary of Occupational Titles*, the position of barker requires "the ability to perform at Reasoning Level 3" and "a limitation to simple tasks does not allow the performance of occupations that the DOT classifies as reasoning level three which exceeds the limitation to "simple, routine, and repetitive tasks." (*Id.*) (citing *Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005)). Accordingly, Plaintiff concludes "[t]he identified work of [b]arker demands the ability to perform greater than simple, routing

---

[1] *The Dictionary of Occupational Titles* ("*DOT*") by the United States Dept. of Labor, Employment & Training Admin., may be relied upon "in evaluating whether the claimant is able to perform work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990). The *DOT* classifies jobs by their exertional and skill requirements, and may be a primary source of information for the ALJ or Commissioner. 20 C.F.R. § 404.1566(d)(1).

(sic) and repetitive tasks." (*Id.* at 8.)

Importantly, however, Plaintiff ignores the vocational expert's testimony that he was not basing his findings on the specific job description set forth in the *Dictionary of Occupational Titles* because "the marketplace has changed." (Doc. 15-3 at 64.) According to the vocational expert, a "barker" today is no longer a person who would "stand outside a business and talk to people walking by," asking them to "come on in" or "to see the show for five minutes." (*Id.*) The vocational expert explained: "Today's barker is a person who would stand at a street corner and wave a sign or they may were a costume to have passing motorists become aware that there is a service or a business that they may want to visit." (*Id.*)

To determine how a job is performed generally, the ALJ may rely on the descriptions given by a vocational expert. See SSR 82-62, 1982 SSR LEXIS 27; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). Likewise, the VE is not required to rely exclusively upon the information provided by the DOT. SSR 00-4P "Evidence from VEs or VSs can include information not listed in the DOT . . . Information about a particular job's requirements or about occupations not listed in the DOT may be available in other reliable publications, information obtained directly from employers, or from a VE's or VS's experience in job placement or career counseling . . . The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings. A VE, VS, or other reliable source of occupational information may be able to provide more specific information about jobs or occupations than the DOT." *Id*.

Here, the vocational expert described the "barker" job at issue as it is performed today rather than as this job has been performed historically. The vocational expert described the "barker" position as a "sign-waver" such that the reasoning level required by the DOT for the traditional job of "barker" does not apply. Thus, Plaintiff cannot rely upon the DOT's description of the job to undermine the vocational expert's testimony which opined that a person with the same impairments as Plaintiff would be able to work as a barker. Indeed, Plaintiff does not dispute that the RFC determination was supported by substantial evidence in the record, and the hypothetical posed to the vocational expert contained the appropriate limitations. Accordingly, the vocational expert's testimony constitutes substantial evidence supporting the ALJ's determination that Plaintiff could perform work as a barker.

Moreover, the vocational expert opined that there were "at least 3,000" barker positions in California and "at least 16,000 throughout the United States." (Doc. 15-3 at 64.) Thus, even excluding the barker position, however, would not significantly diminish the number of jobs available given the vocational expert opined there were at least 5,000 positions in California and 35,000 positions in the entire U.S. for small products assembler and 1,000 positions in California and 8,000 positions in the national economy for production assembler. (*Id.*) This is sufficient.

The Ninth Circuit "has never clearly established the minimum number of jobs necessary to constitute a 'significant number.'" Barker v. Sec'y of Health & Human Servs, 882 F.2d 1474, 1478 (9th Cir. 1989). However, the Court has determined more than 1,000 jobs satisfies the requirement that there be a "significant number" of positions in the regional economy. See, e.g., Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (finding the ALJ "properly concluded that there was a significant number of… jobs in the local area," where the ALJ found "there were between 1,000 and 1,500" regional positions); Barker, 882 F.3d at 1479 (finding 1,266 regional positions sufficient); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (finding 1,300 regional positions satisfied the "significant number" requirement). Consequently, the vocational expert's testimony supports the conclusion that Plaintiff may perform work existing in a significant number.

### B. Number of jobs available

Plaintiff asserts also the vocational expert's testimony should not be considered substantial evidence because data from the North American Industry Classification System shows there are fewer jobs available for the positions of small products assembler and production assembler than the vocational expert testified. (Doc. 18 at 9-11.) Plaintiff contends that because "[t]he ALJ did not ask and the vocational expert did not volunteer on what methodology the vocational expert based her testimony or what data sources were used," the testimony "is not supported by any substantial evidence." (*Id.* at 12.)

As an initial matter, Plaintiff waived any challenge to the job data identified by the vocational expert at the administrative level. At the hearing, Plaintiff was represented by counsel, but did not inquire as to the methodology in calculating the number of jobs available did not challenge the job numbers identified by the vocational expert. Further, these issues were not presented to the Appeals

Council.  The Ninth Circuit has determined that "at least when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal."  *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).  Thus, the Court has declined to address a claimant's "argument that the ALJ erred in relying on the vocational expert's testimony as to the number of jobs available without establishing a foundation for that testimony" when the issue was "not raised and preserved for appeal at the hearing."[2]  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 n.3 (9th Cir. 2006.)

Regardless, the Ninth Circuit has determined that a vocational expert's "recognized expertise provides the necessary foundation for his or her testimony" and "no additional foundation is required." *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  Consequently, courts have determined that a vocational expert is *not* required to explain the methodology behind calculating the number of jobs available.  *See, e.g.*, *Lang v. Comm'r of Soc. Sec.*, 2014 U.S. Dist. LEXIS 48558 at *12-14 (E.D. Cal. Apr. 8, 2014) (rejecting the plaintiff's argument that because "the VE did not describe how he calculated the number of jobs existing in the national and regional economy" and "the numbers provided by the VE are not consistent with the data with the Bureau of Labor Statistics," the testimony was not substantial evidence); *Vera v. Colvin*, 2013 U.S. Dist. LEXIS 165983 at *76 (C.D. Cal. Nov. 21, 2013) ("the VE was not obligated to explain his methodology for determining the number of available jobs because his professional expertise, which Plaintiff specifically acknowledged and did not challenge at the hearing [citation], was a sufficient foundation for his testimony"); *McCaleb v. Colvin*, 2013 U.S. Dist. LEXIS 53757 at *13-15 (C.D. Cal. Apr. 12, 2031) (rejecting the argument that the vocational expert's testimony was not substantial evidence "[b]ecause the VE did not identify the source of her jobs data or describe her methodology," and the job numbers varied "significantly" from data provided by the plaintiff).  Consequently, neither the vocational expert nor the ALJ had a burden to explain the methodology in calculating the number of jobs available and there is no error.

///

---

[2] Notwithstanding the opinion in *Farias v. Colvin*, 519 F. App'x 439, 441 (9th Cir. 2013), the reason for the obligation to present arguments and evidence to the ALJ and the Appeals council is clear.  The Court here is not entitled to determine evidence anew and it has no basis upon which to evaluate whether the source for calculating the number of jobs available employed by Plaintiff is reliable.

### VI.     Conclusion and Order

For the foregoing reasons, the ALJ did not err in relying upon the vocational expert's testimony to determine that Plaintiff can perform jobs in the regional and local economy, and that such work exists in a significant number.  Because the ALJ applied the proper legal standards, his conclusion that Plaintiff is not disabled as defined by the Social Security Act must be upheld by the Court.  *See Sanchez*, 812 F.2d at 510.

Accordingly, **IT IS HEREBY ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and
2. The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Carolyn Colvin, Acting Commissioner of Social Security, and against Plaintiff Terry Cervantes.

IT IS SO ORDERED.

Dated:   **May 5, 2014**                               /s/ Jennifer L. Thurston
                                                    UNITED STATES MAGISTRATE JUDGE